#### STATE of Maine

#### v.

#### Roland J. BAILLARGEON.

Supreme Judicial Court of Maine.

Dec. 12, 1972.

---

Roland A. Cole, Asst. County Atty., Alfred, for plaintiff.

Lloyd P. LaFountain, Biddeford, Edward G. Hudon, Brunswick, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The Defendant was arrested on August 13, 1970 for the offense of illegal transportation of malt liquor into the State of Maine. He was convicted in the District Court and appealed the judgment of conviction to the Superior Court. He filed a motion to suppress the 55 cases of malt liquor seized at the time of his arrest (M.R.Crim.P., Rule 41(e)). This motion was heard and orally denied by a Justice of the Superior Court on April 5, 1971 according to the transcript of the hearing. On April 23, 1971 the complaint was dismissed by the Justice for insufficiency of the allegation and an indictment was returned against Defendant May 7, 1971 charging the same offense. The Defendant pleaded not guilty to the indictment.

The matter is now before us on appeal by the Defendant but in such uncertain posture that it presents no issue which we can properly consider.

■ The Defendant's notice of appeal recites that it is an appeal "from the judgment entered in this proceeding on the 2nd day of August, 1971". Earlier, in moving this Court for relief from the consequences of his failure to timely perfect his appeal, Defendant recited, supported by his counsel's affidavit, that he was *convicted* of this offense in the Superior Court and that this is an appeal from that conviction. However, neither the docket entries nor the file in the office of the Clerk of Courts (which we have ordered forwarded to us) reveals any judgment of conviction by the Court on that date or at any other time.

■ On the other hand, counsel have treated the matter in their briefs as an appeal from the denial of the motion to suppress. M.R.Crim.P., Rule 37A authorizes an interlocutory appeal (such as one from denial of a motion to suppress) but only upon an order by the Justice that the matter be reported. The record does not show that this matter has been ordered reported.

898

There is a docket entry of August 3, 1971 which reads:

"Defendant waives Hearing. Motion to Suppress in Docket No. 7560 incorporated in this case and transcript of that Hearing recorded by Clifford Sawyer to be filed in this case."

We do not understand the significance of the words "Defendant waives hearing." If it is intended to indicate a waiver of jury trial, it fails to satisfy the requirement of M.R.Crim.P., Rule 23(a) that such a waiver must be in writing and must have the approval of the Court.

While we may speculate that the purpose of this entry was to reflect a stipulation by the parties that the only issue which the Defendant wished to contest was that of the validity of the search and seizure, and that the Law Court's determination of this issue would in any event obviate further hearing, the equivocal nature of the record does not permit more than speculation. At any rate, it was not reported as an interlocutory appeal.

■ If this is intended to be an appeal from a judgment of conviction it is premature. The record does not disclose that there has been a judgment of conviction. If (as Defendant's motion for extension of time alleged) there was such a judgment and it is, erroneously, still unrecorded, appeal must wait until the judgment is filed. M.R.Crim.P., Rule 37(c) provides:

"An appeal may be taken within ten days after entry of the judgment or order appealed from. . . . A judgment or order is entered within the meaning of this paragraph when it is entered in the criminal docket."

The entry must be:

Appeal dismissed as premature. Remanded to the Superior Court for further action.

All Justices concurring.